**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5171**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE HENDERSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-04-320-3)

---

Submitted: October 31, 2006                Decided:  November 2, 2006

---

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

I. Scott Pickus, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Brian Lee Whisler, Olivia N. Hawkins, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrone Henderson was convicted by a jury of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (2000), and distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a), (b)(1)(A) (West 1999 & Supp. 2006). Henderson was sentenced to 360 months imprisonment. He appeals his sentence, arguing that the district court erred under United States v. Booker, 543 U.S. 220 (2005), in determining, by a preponderance of the evidence, that he was responsible for more than fifty grams of crack for sentencing purposes.[*] We affirm.

Henderson incorrectly maintains that, following Booker, facts that increase the offense level must be proved beyond a reasonable doubt. The remedial portion of Booker specifically rejected this approach. Booker, 543 U.S. at 246. After Booker, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir.) (remedial portion of Booker ensures that determination of sentencing factors will continue to be made by sentencing judge by preponderance of

---

[*]Henderson states in his brief that application of the remedial portion of Booker constituted a violation of the Ex Post Facto Clause. He provides no argument or support for this claim. To the extent the issue is properly raised at all, it is without merit. See United States v. Williams, 444 F.3d 250, 253-54 (4th Cir. 2006), petition for cert. filed, July 10, 2006 (No. 06-5152).

evidence) (internal quotation and citation omitted), <u>cert. denied</u>, ___ S. Ct. ___, 2006 WL 1558153 (U.S. Oct. 2, 2006) (No. 05-11378). In imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). The sentence must be within the statutorily prescribed range and reasonable. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).

Although Henderson acknowledges that the district court treated the guidelines as advisory, he argues that the court effectively treated them as mandatory because it did not make a detailed analysis of the factors set out in § 3553(a). This argument is without merit. The court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>